IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MOSLEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-5212 |
| | : | |
| SHAWN HUGGINS, *et al.*, | : | |
|     Defendants. | : | |

# MEMORANDUM

**PEREZ, J.**                                                                                                               **AUGUST 7, 2023**

In a prior Memorandum filed on April 3, 2023, the Court dismissed the Complaint filed by Plaintiff James Mosley in part for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and in part for lack of jurisdiction, and granted Mosley leave to file an amended complaint if he was capable of curing the defects the Court identified in his claims. *See Mosley v. Huggins*, No. 22-5212, 2023 WL 2761291 (E.D. Pa. Apr. 3, 2023). Mosley filed an Amended Complaint (ECF No. 11) on August 3, 2023.[1] For the following reasons, the case will

---

[1] Mosely filed an Amended Complaint on May 5, 2023 (ECF No. 9). Mosley filed another document (ECF No. 10) that he also labeled as an "amended complaint." However, ECF No. 10 does not contain any actual claims. Rather it appears that Mosley filed it to submit additional exhibits for his Amended Complaint. The Clerk of Court will be directed to redesignate the additional submission as an Exhibit. The Amended Complaint filed on August 3, 2034 (ECF No. 11) is deemed to be the operative pleading for this case.
    An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

be dismissed in part and the Court will direct service of the Amended Complaint limited to Mosley's claims under 42 U.S.C. § 1981 against certain Defendants.

I.    FACTUAL ALLEGATIONS[2]

Mosley alleges that Fidelity Investments engaged in racial discrimination against him because he is African American and the Defendants are of "European descent." (Am. Compl. (ECF No. 11) at 1.) He contends that his three accounts at Fidelity were closed without notice. (*Id*.) Mosley alleges that he told Fidelity's fraud department not to accept checks from Ardent Credit Union that were paid to the order of Fidelity Investments because Mosley had not endorsed the checks. (*Id*. at 2-3.) He claimed the checks were fraudulent. (*Id* at 3.) In response, Fidelity allegedly acted with racial motivation and closed his accounts on December 22, 2022. (*Id*.) Defendant Shawn Huggins is the branch manager of the Fidelity branch involved. (*Id*.) Defendant Winfred Nemlin is his assistant. (*Id*.) They allegedly no longer wanted to have Mosley's investment business after he contacted the fraud department. (*Id*. at 3-4.) Defendant Abagail Johnson is the CEO of Fidelity. (*Id*. at 5.) She is alleged to be responsible for the racist intent of Huggins and Nemlin in closing his accounts. (*Id*.) Mosley continues to receive

---

The Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . ."). Because Mosley's latest ECF No. 11, contains allegations, it is the operative pleading that the Court will screen.

[2] The facts set forth in this Memorandum are taken from Mosley's Amended Complaint (ECF No. 11). The Court adopts the pagination assigned to the Complaint and the Exhibits by the CM/ECF docketing system.

statements for his accounts showing a balance of $0.36, even though he claims he is not allowed to invest his assets. (*Id*. at 6.)

Attached to the Amended Complaint are copies of checks written from Arden Credit Union. The first, stamped "void," is dated December 16, 2022, made payable to Fidelity Investments in the amount of $5.00. (*Id*. at 8). Mosley claims the check is fraudulent because his name is not written on it. (*Id*.) The second is dated July 27, 2023, made payable to Mosley in the amount of $13.44 with the notation "Close Membership." (*Id*. at 10.)

**II.     STANDARD OF REVIEW**

Since the Court has granted Mosley leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244. The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

### III.   DISCUSSION

Because Mosley's initial Complaint asserted that he was the subject of discrimination, the Court screened it to determine whether he had alleged plausible claims under the two sections of the Civil Rights Act that could possibly apply to his situation, namely 42 U.S.C. §§ 1983 and 1981. After explaining to Mosely the elements of each claim, the Court concluded that any claim under § 1983 was not plausible because the named Defendants were not "state actors" as that term is used in the statute. *Mosley*, 2023 WL 2761291, at *2 (explaining that to assert a plausible § 1983 claim, "'a plaintiff must allege violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law'" (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Any claim under § 1981 was found not plausible because Mosey did not allege that he is a member of a racial minority and his allegations of intent to discriminate on the basis of race were conclusory.[3] *Id*. at 3. Mosley was granted leave to amend these claims if he could allege additional facts indicating that the claims were plausible.

---

[3] The Court explained to Mosley that to state a plausible claim under § 1981, a plaintiff must allege that facts in support of the following elements: "'(1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3)

In his Amended Complaint, Mosley appears to assert only claims under § 1981 for race discrimination. He asserts that he is African American and the Defendants Fidelity Investments, Huggins and Nemlin discriminated against him on the basis of race when they closed his account. On this basis the Court will serve the Amended Complaint for a responsive pleading by Defendants Fidelity Investments, Huggins and Nemlin. However, the claim against Johnson must be dismissed.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). The only allegation that Mosley makes against Johnson is that she is the CEO of Fidelity and is thus responsible for the racist intent of Huggins and Nemlin. Because this fails to allege her personal involvement in the closing of Mosley's account, the § 1981 claims against her fails.

An appropriate Order follows.

BY THE COURT:

_/s/ Mia R. Perez_____
**MIA R. PEREZ, J.**

---

discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts. . . .'" *Mosley*, 2023 WL 2761291, at *3 (quoting *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)).