IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES MOSLEY,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-5212** |
| | : | |
| **SHAWN HUGGINS,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 7th day of August, 2023, upon consideration of Plaintiff James Mosley's *pro se* Amended Complaint (ECF No. 11) and his "Amended Complaint" (ECF No. 10), it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to change the docket to reflect that ECF No. 10 is an Exhibit. The Clerk of Court is further **DIRECTED** to add Fidelity Investments as a named Defendant.

2. All claims pursuant to 42 U.S.C. § 1983 and all claims against Defendant Abagail Johnson are **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is **DIRECTED** to terminate Abagail Johnson as a Defendant.

4. The Clerk of Court shall issue summonses to Defendants Fidelity Investments, Shawn Huggins and Winfred Nemlin for a responsive pleading on Mosley's claim pursuant to 42 U.S.C. § 1981. Service of the summonses and the Complaint shall be made upon the Defendants by the U.S. Marshals Service. Mosley will be required to complete USM-285 forms so that the Marshals can serve the Defendants.[1] Failure to complete those forms may result in dismissal of this case.

---

[1] USM-285 forms may be accessed at
https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf

5. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court.  Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*).  Service may be made by mail.  Proof that service has been made is provided by a certificate of service.  The certificate of service should be filed in the case along with the original papers and should show the day and manner of service.  An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
> _____
>   (Signature)"

6. Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and Local Rules are to be followed.  Mosley is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal.

7. Mosley is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  Mosley shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

8. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

9. In the event a summons is returned unexecuted, it is Mosley's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

10. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**

_____
**MIA R. PEREZ, J.**